# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIE NESBY, # B83573,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 18-cv-02145-NJR** |
| **vs.** | ) | |
| | ) | |
| **DAVID SEARBY,** | ) | |
| **STEVE INGRAM,** | ) | |
| **OFFICER SWALLERS,** | ) | |
| **OFFICER SCHMANSKI,** | ) | |
| **OFFICER KELLERMAN,** | ) | |
| **OFFICER BAHM,** | ) | |
| **PERRY COUNTY DRUG TASK FORCE,** | ) | |
| **CITY OF DUQUOIN POLICE** | ) | |
| **DEPARTMENT, and** | ) | |
| **PERRY COUNTY SHERIFF** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Willie Nesby, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center ("Lawrence"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. He asserts he was subjected to an unlawful arrest and detention, malicious prosecution, and discrimination in violation of the Fourth, Eighth, and Fourteenth Amendments related to drug charges. He also alleges civil conspiracy and state law claims of malicious prosecution, intentional infliction of emotional distress, and fraud. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to

1

filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

In his Complaint, Plaintiff makes the following allegations: On February 25, 2016, Plaintiff was arrested on drug charges in Perry County, Illinois, case no. 2016CF21. (Doc. 1, p. 7). On January 25, 2018, Plaintiff was acquitted on all charges. *Id*. During the course of a three-day trial, Plaintiff learned that the Prosecutor, Perry County Drug Task Force, DuQuoin Police Officers, and Perry County Sheriff Department had conspired against him and maliciously set him up. *Id*. Falsified documents were submitted to the court. *Id*. A confidential informant testified he had no knowledge of facts in an affidavit that he signed. *Id*. He further testified he only signed it because officers gave him money to sign it. *Id*. Other confidential informants identified in documents leading to his arrest did not exist. *Id*. Sgt. Ingram testified he wrote the affidavits and used fictitious names. *Id*. Prosecutor Searby and Sgt. Ingram fabricated the alleged confidential informants. During the trial, officers falsified evidence as to the amount of drugs and the type of drugs. *Id*. Evidence at trial proved that the drugs were not cocaine. *Id*. Sgt. Ingram and other officers testified they knew who the actual drug dealer was and where he lived but maliciously arrested, charged, and prosecuted Plaintiff. *Id*.

Plaintiff's public defender told him that Sgt. Ingram and Prosecutor Searby believed he was a drug dealer. (Doc. 1, p. 8). Ingram and Searby encouraged Plaintiff's fiancé to convince him to plead guilty. *Id*. The Prosecutor was involved with the investigation. *Id*. The Prosecutor "was

aware and signed off on everything just as Ingram and the other officers did." *Id*. Plaintiff was in custody for 369 days. *Id*.

While Plaintiff was held in the county jail, he missed the birth of his daughter, he was evicted and lost valuable and sentimental possessions, and he was unable to provide emotional and other support for his family. (Doc. 1, pp. 8-9). He suffered emotional distress, humiliation, degradation, and defamation as a result of being arrested, detained, and prosecuted for a crime he did not commit. *Id*.

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following eight counts:

Count 1: Fourth Amendment claim against Defendants for arresting and detaining Plaintiff without probable cause on drug charges based on falsified documents and fabricated evidence.

Count 2: Fourteenth Amendment malicious prosecution claim against Defendants for falsifying documents and fabricating evidence to arrest, detain, and prosecute Plaintiff for drug crimes.

Count 3: Fourteenth Amendment racial profiling and/or discrimination claim against Defendants for arresting, detaining, and prosecuting Plaintiff for drug crimes.

Count 4: Civil conspiracy claim against Defendants for conspiring to falsify documents, fabricate evidence, and arrest, detain, and prosecute Plaintiff on drug charges.

Count 5: Eighth Amendment cruel and unusual punishment claim against Defendants for Plaintiff's unlawful detention.

Count 6: State law malicious prosecution claim against Defendants for falsifying documents and fabricating evidence to arrest, detain, and prosecute Plaintiff for drug crimes.

Count 7: State law intentional infliction of emotional distress claim against Defendants by for extreme and outrageous conduct by falsifying documents and fabricating evidence to arrest, detain, and prosecute Plaintiff for drug crimes causing Plaintiff extreme emotional distress.

Count 8:    State law fraud claim against Defendants.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim[1] that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

## Preliminary Dismissals

Plaintiff lists Officer Swallers, Officer Schmanski, Officer Kellerman, and Officer Bahm among the defendants, but makes no specific allegations against them in the body of the Complaint. Instead, Plaintiff generally alleges actions by "the officers," which is insufficient. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("plaintiff cannot state a claim against a

_____

[1] The Complaint includes a three-page narrative with a list of claims at the end. To the extent the lists includes identifiable causes of action for which there is some relevant allegation of fact, the Court has addressed such claims. The claims for "collusion," "sentimental value," "financial lost," and violating the Fifth Amendment fail to state identifiable causes of action based on the facts pled and, therefore, any intended claims are considered dismissed without prejudice.

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

defendant by including the defendant's name in the caption"). Therefore, Officer Swallers, Officer Schmanski, Officer Kellerman, and Officer Bahm will be dismissed without prejudice.

Plaintiff sues defendants in their individual and official capacities but seeks only monetary damages. When a plaintiff seeks monetary damages against a state official, he must bring the suit against the official in his or her individual capacity. *See Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Thus, to the extent that Plaintiff has attempted to bring claims against defendants in their official capacities, those claims are dismissed.

Plaintiff names the Perry County Drug Task Force, City of DuQuoin Police Department, and Perry County Sheriff Department as defendants. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68–69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70–71 (1989)). Further, to the extent that Plaintiff is attempting to bring *Monell* policy claims against these Defendants, Plaintiff has not alleged a constitutional deprivation that was the result of an official policy, custom, or practice. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). Accordingly, Perry County Drug Task Force, City of DuQuoin Police Department, and Perry County Sheriff Department are dismissed without prejudice.

The remaining Defendants are Sgt. Ingram and Prosecutor Searby (hereinafter "Defendants" or "Ingram and Searby"). The Court recognizes that Prosecutor Searby would be entitled to immunity from suit as a prosecutor if his involvement was limited to the exercise of prosecutorial functions. If he was involved in investigatory conduct that included falsified documents and fabrication of evidence, however, as pled in the Complaint, immunity for such actions may not apply. *See Fields v. Wharrie*, 740 F.3d 1107, 1114-15 (7th Cir. 2014).

Accordingly, dismissal of Searby on the basis of prosecutorial immunity is not appropriate at this early stage.

## Discussion

Plaintiff alleges Defendants manufactured false evidence, falsified documents, and arrested and detained him without probable cause. He also alleges Defendants initiated and continued judicial proceedings against him maliciously and without justification resulting in detention for 369 days without probable cause.

### Count 1 – Unlawful Arrest & Detention

A claim for unlawful arrest and detention based on fabricated evidence may be brought pursuant to the Fourth Amendment. *Lewis v. City of Chicago*, 914 F.3d 472, 476-77 (7th Cir. 2019). The wrongful detention without probable cause continues for the duration of the detention. *Id.* Plaintiff's allegations that Defendants arrested and detained him without probable cause on drug charges based on falsified documents and fabricated evidence states a viable Fourth Amendment claim. Count 1 will proceed against Ingram and Searby.

### Count 2 – Malicious Prosecution

There is no free-standing federal constitutional claim for "malicious prosecution." *Manual II*, 903 F.3d at 670 (citing *Serino v. Hensley*, 735 F.3d 588, 593 (7th Cir. 2013) ("[T]here is no such thing as a constitutional right not to be prosecuted without probable cause."). The Fourth Amendment is the sole source of a claim for unlawful pretrial detention based on fabricated evidence. *Id*. at 669-70. Count 2 will be dismissed without prejudice.

### Count 3 – Racial Profiling and/or Discrimination

Plaintiff claims his arrest and prosecution was the result of racial profiling. Claims of racial profiling require proof that the defendants' actions had a discriminatory effect and were motivated

by a discriminatory purpose. *Chavez v. Illinois State Police*, 251 F.3d 612, 620, 635-36 (7th Cir. 2001). The allegation that "Plaintiff [is] a black man and this was [an] all white police department" cannot reasonably be construed as a demonstration of discriminatory intent without resorting to speculation and conjecture. The failure to allege either discriminatory effect or intent is fatal to Plaintiff's racial profiling claim. On this basis, Count 3 will be dismissed without prejudice.

To the extent Plaintiff's claim is for discrimination, it also fails. A discrimination claim requires a showing of "intentional or purposeful discrimination" on the basis of a protected characteristic such as race or gender. *Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996). Plaintiff does not allege specific discriminatory acts by any defendant or explain how his treatment amounted to discrimination. On this basis, Count 3 will be dismissed without prejudice.

### Count 4 – Conspiracy

A civil conspiracy is "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (quoting *Scherer v. Balkema*, 840 F.2d 437, 441 (7th Cir.1988)). To establish conspiracy liability in a Section 1983 claim, a plaintiff must show that "(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Id.* Plaintiff alleges Defendants conspired to falsify documents, fabricate evidence, and arrest, detain, and prosecute him on false drug charges. At this stage, that is sufficient to state a conspiracy claim, and therefore, Count 4 will proceed against Ingram and Searby.

### Count 5 – Cruel and Unusual punishment

Plaintiff alleges an Eighth Amendment cruel and unusual punishment claim for his unlawful detention. As a pretrial detainee, the Eighth Amendment does not apply to Plaintiff, but

he has equivalent rights under the Fourteenth Amendment due process clause. *Smentek v. Dart,* 683 F.3d 373, 374 (7th Cir.2012). To support a cruel and unusual punishment claim, Plaintiff must show that he was incarcerated under conditions that posed a substantial risk of serious harm, and that Defendants were deliberately indifferent to that risk. *Grieveson v. Anderson,* 538 F.3d 763, 771-72, 775, 777-79 (7th Cir.2008) (internal citations omitted). Plaintiff has not alleged any facts to support this claim and, therefore, Count 5 will be dismissed

## Count 6 – State Law Malicious Prosecution

To state a claim for malicious prosecution under Illinois law, a plaintiff must allege: "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Beaman v. Freesmeyer*, --- N.E.3d ---, 2019 IL 122654, at *5 (Ill. 2009) (quoting *Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). In addition, to maintain a malicious prosecution claim against arresting officers, the plaintiff must "allege that the officers committed some improper act after they arrested him without probable cause, for example, that they pressured or influenced the prosecutors to indict, made knowing misstatements to the prosecutor, testified untruthfully, or covered up exculpatory evidence." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 901 (7th Cir. 2001) (involving § 1983 malicious prosecution claim); *McDade v. Stacker*, 106 F. App'x 471, 475 (7th Cir. 2004 (applying Snodderly analysis to an Illinois malicious prosecution claim).

Plaintiff alleges a suspect was ignored, documents were falsified and evidence was fabricated to influence the institution and continuation of judicial proceedings, and false testimony

and evidence was presented during the trial. These allegations are sufficient to allow Count 6 to proceed against Ingram and Searby.

### Count 7 – State Law Intentional Infliction of Emotional Distress

Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that (1) the defendants engaged in extreme and outrageous conduct; (2) the defendants either intended to inflict severe emotional distress or knew there was a high probability that their conduct would cause severe emotional distress; and (3) the defendants' conduct in fact caused severe emotional distress. *McGreal v. Village Orland Park*, 850 F.3d 308 (7th Cir. 2017). Plaintiff alleges he was arrested and detained for 369 days without probable cause and based on falsified documents and fabricated evidence. Plaintiff has alleged "extreme and outrageous conduct" – the same conduct that supports the malicious prosecution claim. While Plaintiff was held in the county jail, he missed the birth of his daughter, he was evicted and lost valuable and sentimental possessions, and he was unable to provide emotional and other support for his family. He alleges he suffered emotional distress, humiliation, degradation, and defamation as a result of being arrested, detained, and prosecuted for a crime he did not commit. These allegations are sufficient to allow Count 7 to proceed against Ingram and Searby.

### Count 8 – State Law Fraud

Plaintiff includes "fraud" in a list of claims in his Complaint but he fails to name any defendant or any act in connection with the claim. (Doc. 1, p. 6). Count 8 will be dismissed without prejudice.

## Motion for Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED**.[3] Plaintiff discloses unsuccessful efforts to contact attorneys via written correspondence. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action *pro se*, Plaintiff indicates that he has limited knowledge of the law and rules of court. He also states he is not able to properly litigation his case from prison. Nonetheless, the Court finds that Plaintiff can proceed *pro se*, at least for now. Plaintiff's pleadings demonstrate an ability to construct coherent sentences and relay information to the Court. Plaintiff appears competent to try this matter without representation at this time. Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

## Disposition

**IT IS HEREBY ORDERED** that Counts 1, 4, 6, and 7 will proceed against Defendants Ingram and Searby, individual capacity only, and Counts 2, 3, 5, and 8 are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that the Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice.

The Clerk of Court shall prepare for Defendants Ingram and Searby (individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons

---

[3] In evaluating Plaintiff's Motion for Recruitment of Counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

(Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that defendant's current work address, or, if not known, his or her last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS FURTHER ORDERED** that this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C.

§ 636(c), *if all parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED:  April 3, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

<u>**Notice to Plaintiff**</u>

The Court will take the necessary steps to notify the appropriate defendants of this lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.