IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIE NESBY,
#B83573,

        Plaintiff,

v.

DAVID SEARBY,
STEVE INGRAM,
OFFICER SCHMANSKI, and
CITY OF DU QUOIN,

        Defendants.

Case No. 18-cv-02145-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Willie Nesby, an inmate of the Illinois Department of Corrections ("IDOC"), who is currently incarcerated at Lawrence Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for unlawful arrest, prosecution, and detention while he was a pretrial detainee at the Perry County Jail.

Following an initial screening of the Complaint pursuant to 28 U.S.C. § 1915A, Nesby was allowed to proceed on the following claims:

    **Count 1:**    Fourth Amendment claim against Ingram and Searby for arresting and detaining Nesby without probable cause on drug charges based on falsified documents and fabricated evidence.

    **Count 4:**    Civil conspiracy claim against Ingram and Searby for conspiring to falsify documents, fabricate evidence, and arrest, detain, and prosecute Nesby on drug charges.

    **Count 6:**    State law malicious prosecution claim against Ingram and Searby for falsifying documents and fabricating evidence to arrest, detain, and prosecute Nesby for drug crimes.

**Count 7:** State law intentional infliction of emotional distress claim against Ingram and Searby by for extreme and outrageous conduct by falsifying documents and fabricating evidence to arrest, detain, and prosecute Nesby for drug crimes causing him extreme emotional distress.

Pursuant to the Scheduling Order, Nesby had until September 17, 2019, to file a motion for leave to amend the complaint. (Doc. 18, p. 3). On September 13, 2019, the Court granted Nesby's motion requesting an extension of time to file his motion for leave. (Docs. 26, 28). Nesby filed a motion seeking leave to amend on October 9, 2019, in which he seeks to reassert claims and add defendants that were previously dismissed. (Doc. 29). Defendants did not file an objection.

The Court now considers Nesby's Motion for Leave to File an Amended Complaint (Doc. 29), Motions for Recruitment of Counsel (Docs. 27, 40), and Motion for Order Compelling Discovery (Doc. 33).

## AMENDED COMPLAINT

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely given when justice so requires. Nesby's motion is timely and complies with Local Rule 15.1. As the Amended Complaint is also subject to review under 28 U.S.C. § 1915A,[1] the Court will screen the proposed Amended Complaint in accordance with this statute in conjunction with its consideration of Nesby's motion.

Generally, the allegations set forth in the Court's initial Merit Review Order (Doc. 9) remain substantially similar; thus, the Court declines to recount the allegations set forth in the Amended Complaint. Nesby still alleges that he was arrested and detained

---

[1] Pursuant to Section 1915A, any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

without probable cause on drug charges based on falsified documents and fabricated evidence against Defendants Ingram and Searby. He also, adds, however, that (1) Sergeant Ingram committed fraud by notarizing documents known to be false; (2) Sergeant Ingram, Prosecutor Searby, and Officer Schmanski targeted him because he is an African American involved with a Caucasian female living in a predominantly white area of the housing complex; (3) Officer Schmanski, who was previously dismissed, was involved in every aspect of the case, including falsifying documents, fabricating evidence, and conspiracy; (4) he was held in unlawful conditions while at Perry Count Jail; and (5) he is bringing claims against the City of Du Quoin, as the employer of Ingram and Schmanski.

Upon review of the amended complaint, the Court finds that Nesby has replead and added allegations to the following claims:

**Count 1:** Fourth Amendment claim against Ingram, Searby, and Schmanski for arresting and detaining Nesby without probable cause on drug charges based on falsified documents and fabricated evidence.

**Count 3:** Fourteenth Amendment claim of discrimination against Ingram, Searby, and Schmanski for arresting, detaining, and prosecuting Nesby because of his race.

**Count 4:** Civil conspiracy claim against Ingram, Searby, and Schmanski for conspiring to falsify documents, fabricate evidence, and arrest, detain, and prosecute Nesby on drug charges.

**Count 5:** Eighth Amendment claim for unconstitutional conditions of confinement while at Perry County Jail.

**Count 6:** State law malicious prosecution claim against Ingram, Searby, Schmanski, and the City of Du Quoin for falsifying documents and fabricating evidence to arrest, detain, and prosecute Nesby for drug crimes.

**Count 7:** State law intentional infliction of emotional distress claim against Ingram, Searby, Schmanski, and the City of Du Quoin for extreme and outrageous conduct by falsifying documents and fabricating evidence to arrest, detain, and prosecute Nesby for drug crimes causing him extreme emotional distress.

**Count 8:** State law claim of fraud claim against Ingram and the City of Du Quoin.

The parties shall use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this court. **Any claim that is mentioned in the Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pleaded under *Twombly*.**[2]

### Counts 1, 4, 6, and 7

The additional facts alleges in the Amended Complaint do not change the claims brought in Counts 1, 4, 6, and 7 against Ingram and Searby, and thus, those claims still shall proceed against them. (*See* Doc. 9). Nesby also claims that Officer Schmanski participated in setting him up, was involved in every aspect of the case, handled evidence, fabricated the existence of confidential informants, and was present at the alleged buys. Nesby's allegations are sufficient at screening for his claims of unlawful arrest and detention — Count 1, civil conspiracy — Count 4, malicious prosecution in violation of Illinois state law — Count 6, and intentional infliction of emotional distress — Count 7 to also proceed against Schmanski.

Nesby seeks to add the City of Du Quoin as a defendant under Illinois law. A *respondeat superior* liability claim, while not permissible under Section 1983, is allowed under Illinois state law. *Mattila v. City of Belleville*, 539 N.E.2d 1291, 1293 (Ill. App. Ct.

---

[2] *See Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

1989). As a general rule, a municipality may be held liable for the tortious acts of police officers acting within the scope of their employment. *Brown v. King*, 767 N.E.2d 357, 360 (Ill. App. Ct. 2001). As such, Counts 6 and 7 will proceed against the City of Du Quoin.

Nesby also states that he is bringing claims for conspiracy under 42 U.S.C. §§ 1985 and 1986. "[T]he function of a conspiracy claim under 42 U.S.C. § 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.'" *Turley v. Rednour*, 729 F.3d 645, 649 n. 2 (7th Cir. 2013) (quoting *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)). *See also Dobbey v. Jeffreys,* 417 F. Supp. 3d 1103, 1111 (N.D. Ill. 2019). Here, Nesby's conspiracy claim is asserted against all government employees and so claims brought under Section 1985 are "superfluous" and only adds "needless complexity." *Fairley,* 578 F. 3d at 526. Furthermore, "[r]ecovery under Section 1986 is dependent on the existence of a claim under Section 1985." *Cerda v. O'Leary,* 746 F. Supp. 820, 823 (N.D. Ill. 1990). For these reasons, conspiracy claims brought under Sections 1985 and 1986 are dismissed.

**Count 3**

Nesby realleges claims of discrimination but states Defendants acted in violation of 18 U.S.C. § 1981. Nesby argues he was targeted because he is an African American male involved with a Caucasian female, and he was the only African American male seen in that area of the complex. He claims that he has never been involved with drugs, Defendants did not have any reason to suspect he was a drug dealer, and their actions to arrest and prosecute him were racial motivated and discriminatory.

None of these claims is valid under Section 1981, which "prohibits racial discrimination in the making and enforcement of private contracts." *Runyon v. McCrary,* 427 U.S. 160, 168 (1976). He does not allege that Defendants hindered his right to make or enforce a contract on account of his race, and thus his claims of a violation under

Section 1981 are also dismissed.

The Court finds, however, that Nesby's allegations are sufficient to proceed with an equal protection claim under the Fourteenth Amendment. He sets fourth facts suggesting that he was singled out for adverse treatment because of his membership in a protected group. *See Nabozny v. Podlesny,* 92 F.3d 446, 453-54 (7th Cir. 1996) ("a decisionmaker singled out a particular group for disparate treatment and selected his court of action at least in part for the purpose of causing its adverse effects on the identifiable group.") (citations and quotations omitted). Therefore, Count 3 survives screening against Ingram, Searby, and Schmanski.

## Count 5

Nesby claims that while at the Perry County Jail, as a pretrial detainee, he was subjected to unconstitutional conditions of confinement in violation of the Fourteenth Amendment. His allegations regarding his cell conditions are not asserted against any named defendant and do not suggest that Ingram, Searby, or Schmanski had any involvement in cell placement or conditions at the county jail. *See Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). Count 5 is therefore dismissed. *Twombly,* 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).

## Count 8

Nesby claims that Ingram is a notary public and committed fraud on the court by notarizing documents used and presented to the court that contained false information. While Nesby adds to his fraud allegations in the Amended Complaint and asserts them against Ingram, he still makes only the conclusory statement that Nesby committed fraud by notarizing false documents. To sufficiently allege a claim of fraud "all of the elements of fraud must be pled." *Trautman v. Knights of Columbus,* 460 N.E. 2d 350, 353 (Ill. App.

Ct. 1984). *See also Vazquez v. Sears, Roebuck & Co.,* No. 97-c-8595, 1999 WL 965556 at *5 (N.D. Ill. 1999) ("In order to state a cause of action for common law fraud, the essential elements of fraud must be pleaded with specificity."). As such, Count 8 is dismissed.

## MOTION TO COMPEL DISCOVERY

Nesby has filed a motion to compel discovery stating that Defendants have not produced the documents he requested. (Doc. 33). He argues that Defendants have failed to send him eight different document requests. From the documents he included as exhibits to his motion, it appears that he sent Searby eight document requests and Ingram only four. (Doc. 33, p. 4, 11). Nesby states that he sent his document requests to Searby on September 11, 2019, which were denied and so he sent another request. He sent his requests for the production of documents to Ingram, who also refused to produce the documents. Ingram filed a response to the motion arguing that Nesby's requests are not relevant or properly tailored to his claims. (Doc. 36).

Rule 37 of the Federal Rules of Civil Procedures provides that prior to filing a motion to compel discovery, parties must "confer in good faith before involving the court in discovery disputes." *Houston v. C.G. Sec. Services, Inc.,* 820 F.3d 855, 858 (7th Cir. 2016). "The Motion [to compel] must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discover in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1). Not only does Nesby's motion not include a certificate as required under Rule 37, but he has failed to demonstrate that he has met his duty to confer with the opposing parties. His efforts to resolve the dispute by sending an additional letter to Defendants' counsels after they failed to produce the documents is not sufficient. *See Shoppell v. Schrader,* No. 08-cv-284, 2009 WL 2515817 at 1 (N.D. Ind. 2009) (finding that the defendant's single letter and brief

telephone conversation with someone at the law office of plaintiff's counsel was insufficient) (citations omitted). The motion is therefore denied for failure to comply with Rule 37(a)(1).

### MOTION FOR RECRUITMENT OF COUNSEL

Nesby has filed a third and fourth motion asking the Court to recruit counsel on his behalf. (Docs. 27, 40). In ruling on Nesby's previous motions for recruitment of counsel, the Court found that Nesby had demonstrated that he made reasonable efforts to retain counsel on his own but was competent to litigate his claims.[3] (*See* Docs. 9, 25). In his motions before the Court now, Nesby states that he is having difficulty in the discovery process such as with acquiring evidence because he cannot have DVD's and CD recordings in his possession, contacting witnesses, answering interrogatories, and preparing for his deposition.

The Court has inherent authority to recruit counsel to ensure the orderly prosecution of litigation in the district. When considering whether counsel is necessary to assist a *pro se* plaintiff, the Court must inquire whether "the plaintiff appear[s] to be competent to try [the case] himself and, if not, [whether] the presence of counsel [would make] a difference in the outcome." *Farmer* v. *Haas*, 990 F.2d 319, 322 (7th Cir. 1993); *Greeno* v. *Daley*, 414 F.3d 645, 658 (7th Cir. 2005); *Pruitt*, 503 F.3d 647. Given the totality of the circumstances, the Court finds that the difficulty of this case exceeds this particular Nesby's capacity as a layperson to litigate this matter. This case involves multiple defendants and different types of claims, which has resulted in difficulty securing documents and conducting discovery. *See Dewitt* v. *Corizon, Inc.*, 760 F.3d 654, 657-58 (7th

---

[3] In evaluating Nesby's motions for recruitment of counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

Cir. 2014). Therefore, the motions are granted.

The Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Nesby in pursuing his claims *in this case only.*

**MOTION FOR EXTENSION OF TIME**

Defendants have filed a joint motion asking for an extension of time to complete discovery and file motions for summary judgment. (Doc. 39). The motion is granted. The deadline to complete discovery is **July 20, 2020**, and dispositive motions are due by **August 19, 2020**.

**DISPOSITION**

For the reasons stated above, pursuant to Rule 15 and after review of the proposed Amended Complaint pursuant to 28 U.S.C. § 1915A, the Court **GRANTS** Nesby's Motion for Leave to File Amended Complaint (Doc. 29). The Clerk is **DIRECTED** to file the First Amended Complaint and to add **Schmanski** and the **City of Du Quoin** to the docket as defendants. **Counts 1, 3,** and **4** shall proceed against **Ingram, Searby,** and **Schmanski. Counts 6** and **7** shall proceed against **Ingram, Searby, Schmanski** and the **City of Du Quoin. Counts 5** and **8** are **DISMISSED** without prejudice.

Further, the Clerk of Court shall prepare for **Schmanski** and the **City of Du Quoin**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, the original Merit Review Order (Doc. 9), and this Memorandum and Order to each defendants' place of employment as identified by Nesby.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to

the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in the original Merit Review Order (Doc. 8) and in this Merit Review Order. Defendants are ADVISED that the Court does not accept piecemeal answers.**

The Motion for Order Compelling Discovery (Doc. 33) is **DENIED** and the Motions for Status (Docs. 32, 38) are **GRANTED** in light of this Order. Because the Court has recruited an attorney on Nesby's behalf, the request for copies of the docket sheet are denied. The Motion for Extension of Time (Doc. 39) is **GRANTED**. The deadline to complete discovery is **July 20, 2020**, and dispositive motions are due by **August 19, 2020**.

The Motions for Recruitment of Counsel (Docs. 27, 40) are **GRANTED**. In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Deborah J. Campbell** of Dentons US, LLP, located at One Metropolitan Square, 211 North Broadway, Suite 3000, St. Louis, MO 63102, is **ASSIGNED** to represent Plaintiff Nesby in this civil rights case. On or before **April 24, 2020**, assigned counsel shall enter her appearance in this case. Attorney Campbell is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Nesby, explaining that an associate may also be working on the case. Nesby should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet, the First Amended Complaint, and Doc. 9 to attorney Campbell. The electronic case file is available through the CM/ECF system.

Now that counsel has been assigned, Nesby **shall not** personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from

representation. If counsel is allowed to withdraw at the request of Nesby, there is no guarantee the Court will appoint other counsel to represent him.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Nesby and his counsel are **ADVISED** that, because Nesby is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney James P. Chapman and the Illinois Institute for Community Law to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and

dealing with the client. Mr. Chapman can be reached by phone at (312) 593-6998 or email at JamesPChapman@aol.com. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Chapman as needed.

As of this date, Nesby's contact information is:

**WILLIE NESBY, #B83573**
**Lawrence Correctional Center**
**10930 Lawrence Road**
**Sumner, IL 62466**

**IT IS SO ORDERED.**

**DATED:** April 10, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**